**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CERMAK PRODUCE, INC., | ) | |
| an Illinois Corporation, | ) | Civil Action No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DDSD INVESTORS, LLC, an Illinois | ) | |
| Limited Liability Company, CERMAK | ) | |
| PRODUCE #3 MARKETPLACE, INC., an | ) | |
| Illinois Corporation, and GEORGE | ) | |
| DERNIS, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **COMPLAINT**

Cermak Produce, Inc., an Illinois Corporation, by its undersigned attorneys, complains against Defendants DDSD Investors, LLC, an Illinois Limited Liability Company, Cermak Produce #3 Marketplace, Inc., an Illinois Corporation, and George Dernis, an individual, (collectively "Defendants") as follows:

## **THE PARTIES**

1.      Cermak Produce, Inc. ("Plaintiff") is an Illinois corporation with its principal place of business in Chicago, Illinois, that regularly conducts business in Cook County, Illinois, and is authorized to transact business in Illinois.

2.      DDSD Investors, LLC ("DDSD") is an Illinois corporation with its principal place of business in Chicago, Illinois, that regularly conducts business in Cook County, Illinois, and is authorized to transact business in Illinois.

3.     Cermak Produce #3 Marketplace, Inc. ("Cermak Produce #3") is an Illinois corporation with its principal place of business in Chicago, Illinois, that regularly conducts business in Cook County, Illinois, and is authorized to transact business in Illinois.

4.     George Dernis ("Dernis") is an individual residing in Lincolnwood, Illinois.

5.     On information and belief, Dernis is a member of DDSD and a shareholder of Cermak Produce #3.

## STATUTORY BASIS AND NATURE OF ACTION

6.     This is an action for unfair competition under 15 U.S.C. § 1125(a).

7.     This is further an action for unfair competition under 815 ILCS 510/2.

## JURISDICTION AND VENUE

8.     The court has personal jurisdiction over Plaintiff in that it is an Illinois juristic entity with a place of business in this district

9.     The court has personal jurisdiction over DDSD in that it is an Illinois juristic entity with a place of business in this district.

10.     The court has personal jurisdiction over Cermak Produce #3 in that it is an Illinois juristic entity with a place of business in this district.

11.     The court has personal jurisdiction over and Dernis in that he is an Illinois resident and resides in this district.

12.     The court has subject matter jurisdiction over the federal unfair competition under 28 U.S.C. § 1331.

13.     The court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. § 1367.

14.     Venue is proper in this district under 28 U.S.C. § 1391 in that each of the defendants resides in Illinois, and because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this district.

## **BACKGROUND**

15.     Plaintiff owns the mark "Cermak" (the "Mark" or "Trade Name") and has used the mark since at least as early as 1993 in connection with its sale of produce, meat and grocery items at various locations in the Chicagoland area.

16.     Plaintiff and its affiliated entities use the Mark over nine (9) other locations in the Chicagoland area.

17.     On September 24, 2004, Plaintiff and DDSD entered into a certain License Agreement for Use of Trade Name ("License Agreement").  A copy of the License Agreement is attached and incorporated herein as Exhibit A.

18.     Pursuant to the License Agreement, Plaintiff granted DDSD a nonexclusive limited license to use the Trade Name only at a specific business location, 2820-30 North Cicero Avenue, Chicago, Illinois (the "Business Location").

19.     DDSD was granted the limited right to use the Trade Name in connection with the operation of a produce, meat market and grocery store at the Business Location.  (*See* Exhibit A, ¶5).

20.     The limited license granted to DDSD is not transferable to any other person or entity without the express written consent of Plaintiff.  (*See* Exhibit A, ¶7).

21.     By its terms, Paragraph 9 of the License Agreement terminated "upon the first occurrence of and of the following events ("Event of Termination"):"

a.  Licensee shall cease to operate a fruit, meat, and grocery store business at the Business Location; or

b.  Licensee shall sell all, or substantially all, of its assets to any third party; or

c.  At the expiration of Five (5) years after the death of George Dernis; or

d.  Provided George Dernis is not then deceased:

    i.  If George Dernis and/or his Family Members shall no longer own and control at least fifty one (51%) percent of:

        1.  all issued and outstanding shares of the Licensee or

        2.  all issued and outstanding shares or interest in any entity or entities which own or operate the Business at the Business Location; or

        3.  the equity interest in and to all entities which have any ownership interest in and to the Business at the Business Location; or

    ii.  If George Dernis and/or his Family Members are no longer actively employed and managing the day to day operations of the Business at the Business Location.

e.  There shall be a transfer of any assets of Licensee for the benefit of creditors or if a trustee or receiver is appointed to administer or conduct its business or affairs; or

f.  Licensee shall have received a Notice of Default as per paragraph 10 below more than two (2) times in any twelve month period; or

g.  There shall be Uncured Default (as hereinafter defined) at any time.

Notwithstanding anything to the contrary or inconsistent contained herein, in the event of the death of George Dernis, and for a five (5) year period thereafter, Section 9(b) and 9(d)(i) shall not apply. (*See* Exhibit A, ¶9).

22.     DDSD is not currently operating a produce, meat market and grocery store at the Business Location in violation of Paragraph 9(a).

23.     On information and belief, DDSD ceased operating a produce, meat market and grocery store at the Business Location in February of 2018. Copies of pictures of the closed store at the Business Location are attached as Exhibit B.

24.     Per the Illinois Secretary of State as of the date of this filing, DDSD's corporate status states "INVOLUNTARY DISSOLUTION". A copy of the LLC File Detail Report from the Illinois Secretary of State's website for DDSD is attached as Exhibit C.

25.     Per the Illinois Secretary of State, Dernis is listed as the registered agent for a new corporation, Cermak Produce #3. A copy of the Corporation File Detail Report from the Illinois Secretary of State's website for Cermak Produce #3 Marketplace, Inc. is attached as Exhibit D.

26.     Plaintiff recently learned that Dernis intends to open a new store at the Business Location using the name Cermak Produce or Cermak Fresh Market Place.

27.     DDSD's right to use the Mark automatically and immediately terminated when DDSD ceased operations at the Business Location. (*See* Exhibit A, ¶9)

28.     DDSD, and Dernis as its President, acknowledged Plaintiff's exclusive right, title and interest in the Mark and acknowledged all goodwill associated with the Mark belongs to Plaintiff. (*See* Exhibit A, ¶13).

29.     Upon termination of the License Agreement, DDSD, and Dernis as its President, agreed to cease and desist from all use of the Mark in any way, and agreed that they would not

adopt or use, without Plaintiff's prior written consent, any word or mark which is likely to be confused with the Mark or suggest any affiliation, connection or association with Plaintiff or any other persons or entities which use the Mark in the conduct of their business. (*See* Exhibit A, ¶13).

30.     On April 26, 2018, Plaintiff sent DDSD and Dernis correspondence by certified mail and Federal Express demanding that they immediately cease and desist any and all attempts to utilize Plaintiff's Trade Name or any of Plaintiff's intellectual property in any form and specifically at the Business Location.  A copy of the April 26, 2018 correspondence and confirmation of delivery is attached as Exhibit E.

31.     Plaintiff requested that DDSD, and Dernis as its President, confirm compliance with this demand to cease and desist use of Plaintiff's Mark by no later than May 4, 2018.

32.     To date, neither DDSD, nor Dernis have responded to this request.

33.     Dernis has no independent license or right to use the Mark in his own name or through Cermak Produce #3 or any other entity owned or operated by Dernis.

34.     Plaintiff has also applied for a trademark with the United States Patent and Trademark Office ("USPTO").  Plaintiff's application is currently pending review with the USPTO.  A copy of Plaintiff's application for Trademark is attached as Exhibit F.

35.     Plaintiff complied with all of the terms and conditions set forth in the License Agreement.

36.     DDSD, and Dernis as its President, acknowledged Plaintiff's right and entitlement to, without need to post a bond or to show monetary or immediate damage, a Temporary Restraining Order, preliminary injunction and/or permanent injunction and shall be entitled to

recover attorney's fees, costs and expenses due to a breach of the License Agreement. (*See* Exhibit A, ¶12).

**COUNT I**
**VIOLATION OF THE LANHAM ACT**
**FEDERAL UNFAIR COMPETITION**

37.     Plaintiff incorporates herein and re-alleges the allegations of paragraphs 1-36.

38.     Plaintiff's CERMAK Mark is entitled to protection under Section 43(a) of the Lanham Act.

39.     Defendants' use and promotion of the CERMAK Mark at the Defendants' new store is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' store.

40.     Defendants' use of the CERMAK Mark on the Defendants' new store constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

**COUNT II**
**ILLINOIS DECEPTIVE TRADE PRACTICES (815 ILCS 510/2)**

41.     Plaintiff incorporates herein and re-alleges the allegations of paragraphs 1-40.

42.     Plaintiff's CERMAK Mark is entitled to protection under 815 ILCS 510/2.

43.     Defendants' use and promotion of the CERMAK Mark at the Defendants' new store is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' store.

44.     Defendants' use of the CERMAK Mark at the Defendants' store constitutes a deceptive trade practice as that term is used in 815 ILCS 510/2.

## JURY DEMAND

45.     Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment:

A.     that Defendants, individually and collectively, have unfairly competed with Plaintiff by way of their use of the Plaintiff's Mark at the Defendants' new store.;

B.     preliminarily and permanently restraining and enjoining Defendants, their directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further unfair competition;

C.     ordering Defendants to account for and pay to Plaintiff its actual damages by reason of Defendants' unfair competition and such other damages as appear proper to the Court;

E.     granting Plaintiff a judgment, pursuant to 815 ILCS § 510/2, for injunctive relief, costs and reasonable attorneys' fees;

F.     granting Plaintiff a judgment for punitive damages in an amount to be determined;

G.     ordering Defendants to file in Court and to serve upon Plaintiff's counsel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction;

H.     finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to Plaintiff;

K.      awarding costs to Plaintiff; and

L.      granting Plaintiff such other and further relief as may be proper under the circumstances.

Dated:  May 18, 2018            Respectfully submitted,

                              /s/ Christopher S. Naveja

Konstantinos Armiros
Attorney I.D. No. 066400
Christopher S. Naveja
Attorney I.D. No. 6229936
Joseph M. Kuo
Attorney I.D. No. 6216400
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tele:  312-876-7100
Christopher.naveja@saul.com
Konstantinos.armiros@saul.com
Joseph.kuo@saul.com

*Attorneys for Cermak Produce, Inc.*

114906315.1

9